McDonald's Corporation *v.* Northampton Township Zoning Hearing Board. Northampton Township, Appellant.

Argued June 6, 1984, before Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

*Theodore K. Warner, Jr.,* with him, *Robert C. Steiger,* for appellant.

*E. Dillwyn Darlington,* for appellee.

OPINION BY JUDGE BARBIERI, September 25, 1984:

Northampton Township (Township) appeals here from an order of the Court of Common Pleas of Bucks County reversing an order of the Northampton Township Zoning Hearing Board (Board) which (1) affirmed a Township zoning officer's denial of a building permit to the McDonald's Corporation (McDonald's) and (2) denied McDonald's request for a variance. We reverse.

In 1981, McDonald's, the owner and operator of a restaurant in an area of the Township zoned C-2 General Commercial—Office District, applied to the Township for a building permit for the construction of a playground area adjacent to its restaurant. This proposed playground was to be 55-feet long and 27-feet wide and was to be surrounded by a seven foot high wrought iron picket fence. This request was subsequently denied, and in response McDonald's (1) appealed this denial to the Board and (2) requested a variance. Following a hearing on this appeal, the Board affirmed the Township zoning officer's denial of McDonald's request for a building permit concluding, *inter alia,* that the proposed fence violated the five-foot height restriction specified for such fences in

Section 1101.7(b) of the Township's zoning ordinance (Ordinance). The Board additionally concluded that McDonald's was not entitled to a variance. On appeal, however, as noted above, the common pleas court reversed concluding that the proposed playground was permitted under the terms of the Ordinance. In its decision, the common pleas court concluded that the playground fence was exempted from the five foot fence height restriction specified in Section 1101.7(b) by the provisions of Section 1101.7(d) of the Ordinance which provides in pertinent part that "[r]equired fences for tennis courts, baseball or softball field backstops, and similar fences for similar recreational facilities shall be exempt from the regulations of this ordinance. . . ." The present appeal followed.

Before this Court the sole issue raised by the Township is whether the common pleas court erred as a matter of law by concluding that the playground fence is exempt from the five foot height restriction specified in Section 1101.7(b) of the ordinance.

Section 1101.7(b) of the Ordinance specifically makes its five foot height restriction applicable to playgrounds by providing that "[a] security fence provided for any purpose including schools, *playgrounds* and parks, in any District, shall be an open fence with the ratio of the open portion to the solid portion of not less than six-to-one (6:1), not more than five (5) feet in height." (Emphasis added.) Since the drafters of the Ordinance specifically made this height restriction applicable to playgrounds, we believe that the common pleas court erred as a matter of law by concluding that such playground fences are exempted from the height restrictions of Section 1101.-7(b) by the general exemption provision specified in Section 1101.7(d). *See* Section 1933 of the Statutory

Construction Act of 1972, 1 Pa. C. S. §1933. Moreover, our careful review of the record in this case discloses that the Board properly denied McDonald's request for a variance from this height restriction since McDonald's failed to present any evidence establishing its right to such a variance under the criteria specified in Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912. We shall therefore reverse.

## ORDER

Now, September 25, 1984, the order of the Court of Common Pleas of Bucks County, at No. 82-0960-05-5, dated July 6, 1983, is hereby reversed.